# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. BRUNING, <br> as Next Friend for ECB, a minor child, <br><br> Plaintiff, <br> vs. <br><br> CHIZEK ELEVATOR & TRANSPORT, INC. <br><br> Defendant. | No. 4:16-CV-0342-DGK |

## ORDER CONCERNING MOTION TO APPROVE SETTLEMENT

This case arises from the death of Heather N. Thompson in a motor vehicle accident involving a tractor-trailer. Now before the Court is the parties' Joint Motion to Approve Wrongful Death Settlement (Doc. 17-1).

As part of the motion, the parties request the Court find the proposed settlement is in the best interest of the wrongful death beneficiaries, and that it provides for a fair allocation of settlement funds among those beneficiaries. Although the motion and attached affidavits make conclusory assertions that the settlement is in their best interests, it does not explain why it is in their best interest or why the proposed allocation of settlement funds is fair.

The motion also requests the Court find the attorneys' fees and litigation expenses are fair and reasonable under the facts and circumstances in this case. Other than a conclusory, one-page summary identifying how much each law firm is being paid and the total amount of litigation expenses incurred, there is nothing in the record on which the Court can base this determination or ensure that the fee agreement and fees charged comport with Missouri Rules of Professional Conduct 4-1.5(a)-(c). *Cf. Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010) (holding a fee-splitting agreement was unenforceable as a matter of law because it did not comply with Missouri Rule of Professional Conduct 1.5(e)).

Accordingly, the Court directs the parties to submit a brief explaining in more detail why the proposed settlement is in the beneficiaries' best interest and why the allocation of settlement funds among the beneficiaries is fair. An affidavit from Plaintiffs' counsel explaining why they believe the settlement is in the beneficiaries' best interest, specifically why the total settlement amount is reasonable under the facts and circumstances of this case, along with some discussion of how the parties decided to allocate the settlement funds among the beneficiaries, might be helpful.

The Court also directs each law firm receiving a fee in this case to submit a short brief along with its written fee contract and supporting documentation showing how the requested fee is reasonable in light of the factors stated in Rule 4-1.5(a). This supporting documentation should include itemized billing records showing the number of hours worked and the tasks undertaken in this matter, an itemized list of litigation expenses, and any other information the parties would like the Court to consider. The fee agreement and billing records may be filed under seal. Each brief should not exceed ten pages (exclusive of exhibits) and shall be filed within twenty-one days.

**IT IS SO ORDERED.**

Date:  May 1, 2017                     /s/ Greg Kays                    
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT