# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. BRUNING, ) | |
| as Next Friend for ECB, a minor child, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 4:16-CV-0342-DGK |
| ) | |
| CHIZEK ELEVATOR & TRANSPORT, INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER CONCERNING MOTION TO FILE DOCUMENTS UNDER SEAL

This case arises from the death of Heather N. Thompson in a motor vehicle accident involving a tractor-trailer. Now before the Court is Plaintiff's Unopposed Motion for Leave to File Under Seal (Doc. 21). Plaintiff seeks to file under seal exhibits 7 through 13 to its supplemental brief.

Plaintiff suggests the documents should be filed under seal because they identify the names of the decedent's minor children, they contain attorney work product and the mental impressions of counsel, and the exhibits contain information about the settlement agreement that the parties have agreed to keep confidential.

The Court begins by noting "[t]here is a common-law right of access to judicial records" in civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Although this right of access is not absolute, there is a presumption that judicial records should be publicly accessible. *Id.* at 1223. "The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Because exhibits 7

through 13 are essential to the Court's decision whether to approve the minor settlement, which is a crucial judicial function, they are judicial records to which the right of public access presumptively applies. *See id.* at 834-35 (holding a minor settlement requiring court approval is a judicial record); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (holding that in order to be designated a judicial record, the item must be relevant to the performance of the judicial function and useful in the judicial process.)

The reasons given by Plaintiff do not rebut the presumption of public access and justify sealing the documents. The fact that the parties have agreed to prevent the public from viewing these exhibits is not a good reason. *See Goesel*, 738 F.3d at 835 ("[B]ecause there is potential public value to disclosing settlement terms, including amount, parties *have* to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason."). Sealing these documents—which provide the Plaintiff's rationale for approving the settlement— would make it impossible for interested members of the public to judge whether the Court's decision to approve or deny the settlement was appropriate. As for the other reasons Plaintiff has identified, the interests they serve can be met by a less drastic method, selective redaction, which preserves the public's right to access these records.

Accordingly, the motion is GRANTED IN PART. The motion to seal is denied with respect to all seven exhibits. Plaintiff may, however, redact the minor client's names from all the exhibits. Plaintiff may also redact paragraphs 6 of exhibit 10 because it contains non-obvious mental impressions of Plaintiff's attorney information about his litigation strategy and assessment of the case's weakness, as well as paragraph 21 of exhibit 10 because it identifies the exact amounts the clients would accept in a settlement, information which is protected by the attorney-client privilege. These redacted exhibits shall be available for public viewing. Plaintiff should also file an unredacted copy, under seal, for the Court's viewing.

Finally, the Court notes Plaintiff has not yet filed an unredacted copy of the settlement documents (that is, document 17 and the exhibits and affidavits attached to it) under seal that will be viewed only by the Court. As the Court's previous order (Doc. 18) observed, although Plaintiff emailed the Court's courtroom deputy an unredacted copy, Plaintiff did not file an unredacted copy, so there is no unredacted copy of these documents in the official record for the Court's viewing.

To summarize, Plaintiff shall file: (1) an unredacted copy of exhibits 7 through 13 under seal; (2) a redacted version of exhibits 7 through 13 to be publicly viewable; and (3) an unredacted copy of the previously filed settlement documents (Doc. 17 and attachments) under seal. Plaintiff shall file the foregoing on or before May 26, 2017.

Once Plaintiff has filed all of these documents, the Court will rule on the pending motion to approve settlement.

**IT IS SO ORDERED.**

Date: May 19, 2017 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT