# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. BRUNING, <br> as Next Friend for ECB, a minor child, <br><br> Plaintiff, <br> vs. <br><br> CHIZEK ELEVATOR & TRANSPORT, INC. <br><br> Defendant. | No. 4:16-CV-0342-DGK |

## ORDER APPROVING WRONGFUL DEATH SETTLMENT

This case arises from the death of Heather N. Thompson ("Ms. Thompson"), who passed away when the car she was driving rear-ended a tractor-trailer on the highway. Plaintiff Michael Bruning ("Plaintiff") has brought a wrongful death lawsuit against the company which owned the tractor-trailer, Defendant Chizek Elevator & Transport, Inc. ("Defendant"), on behalf of Ms. Thompson's minor child, ECB. Ms. Thompson's other minor child, DBO, and Ms. Thompson's parents, Dennis Thompson and Debra Butts, are also potential wrongful-death beneficiaries.

Following mediation, the parties reached a proposed settlement which would resolve all the wrongful-death beneficiaries' claims against Defendant. Now before the Court is the parties' Joint Motion to Approve Wrongful Death Settlement (Doc. 17-1).

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095.1. To obtain approval, the plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the settlement amount is fair and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in

accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010).

The Court holds the parties have demonstrated the settlement complies with Missouri law. First, Plaintiff has fulfilled the notice requirement because the settlement covers all potential wrongful-death beneficiaries: Ms. Thompson was unmarried and ECB, DBO, Dennis Thompson and Debra Butts are the only known individuals who could be wrongful death beneficiaries.

Second, the Court finds the gross settlement amount of $300,000 is fair and reasonable under the facts and circumstances of this case. Although $300,000 is a modest amount for a wrongful death claim involving a tractor-trailer, several facts here detract from the value of this case. Among other things, a witness reported seeing Ms. Thompson putting on her make-up while driving at over 70 mph shortly before the accident. Further, the physical evidence supporting Plaintiff's theory of liability—that a defective or poorly maintained underride guardrail on the truck allowed Ms. Thompson's car to drive under the truck, causing Ms. Thompson's death—is limited. After reading the affidavits from Plaintiff's counsel Timothy Morgan and Robert Sullivan, the Court is convinced the gross settlement amount is a good outcome for the wrongful death beneficiaries. At the very least, it falls in the range of reasonable.

The Court also finds the apportionment of the proceeds between the beneficiaries, with the children splitting eighty-six percent of the net recovery[1] and the parents splitting the remaining fourteen percent, is fair and reasonable.

The third question, whether the attorneys' fees charged are in accord with the Missouri Rules of Professional Conduct, is a closer call. The fee arrangement is a bona fide written

---

[1] The children's shares will be used to purchase annuities.

contingency fee agreement between the beneficiaries (or their next friends) and four law firms: Sullivan Law, LLC; the Shactman Law Firm; the Porto Law Firm, LLC; and TRM Law Firm, LLC. Pursuant to the agreement, Plaintiff's counsel are collectively receiving a forty-percent fee ($120,000) from the gross recovery ($300,000), then deducting approximately $6,134.40 for litigation expenses advanced by Sullivan Law, LLC. The remaining $173,865 is going to the clients.

While the litigation expenses are modest and reasonable, a forty-percent contingency fee is presumptively high for a case settled before any substantive motion work or discovery occurred. However, the detailed affidavits filed by Mr. Morgan and Mr. Sullivan demonstrate that they performed a substantial amount of work on this case before it was filed investigating the accident and researching possible theories of recovery. Further, both attorneys have substantial experience and expertise litigating tractor-trailer cases. Although neither kept records of their time spent on this matter,[2] Mr. Morgan estimates he spent 400 hours working on the case over three years, and Mr. Sullivan assisted him in much of this work. Their estimates of the time spent on this case are reasonable. Their affidavits also demonstrate this case was sufficiently risky, and the value of the claim so limited, that charging a forty-percent fee was not unreasonable under the circumstances. For their work on this case, Mr. Morgan and Mr. Sullivan will collectively receive a fee of $93,134.40, which is fair.

The Court is more concerned about the fees sought by two other attorneys in the case, Scott Shachtman and Nicholas Porto, who will receive fees of $18,000 and $15,000,

---

[2] Although a failure to keep contemporaneous time records is not unreasonable *per se*, it leaves attorneys vulnerable to challenges to the reasonableness of their fees. *See Clark v. Gen. Motors, LLC*, 161 Supp.3d 752, 764 n.11 (W.D. Mo. 2015) (holding a fee agreement unreasonable where attorneys who charged a forty percent contingency fee could not demonstrate the reasonableness of their fee in part because they did not keep track of their hours worked). While many attorneys performing contingency fee work do not keep track of their hours, this is not a safe-harbor. At the conclusion of the case, an attorney must still be able to demonstrate the reasonableness of the fee charged. *See id.* at 760.

respectively, under the proposed settlement. Neither attorney kept time records, but Mr. Shachtman estimates he spent 50 hours on the case. He states his time was spent meeting with, and being retained by, DBO's father, entering a co-counsel arrangement with the Sullivan Law Firm, keeping DBO's father apprised of developments in the case, explaining the joint attorney contract to his client, discussing litigation strategy with co-counsel Morgan and Sullivan, and attending the mediation. Mr. Porto does not estimate how much time he spent on the case. He describes his contributions as: fielding a phone call from Plaintiff, recommending Plaintiff retain Mr. Sullivan and Mr. Morgan, utilizing his knowledge of tow truck law to help Mr. Morgan locate the decedent's vehicle and take pictures of it, helping Plaintiff get documentation of his status as next friend for ECB, and holding detailed conversations with Mr. Sullivan and Mr. Morgan about case strategy.

The fees sought by these attorneys are arguably disproportionate to their contributions to the case. Attorneys' fees must be earned. *See Neilson v. McCloskey*, 186 S.W.3d 285, 287 (Mo. Ct. App 2005) (noting that to be entitled to a given fee, attorneys must perform an appropriate share of work or assume a share of the financial risk and ethical responsibility). Neither attorney appears to have shared the financial risk here by advancing litigation expenses. And while both attorneys spent some time on the case, it is a close call whether they performed enough work to justify charging the wrongful death beneficiaries $18,000 and $15,000 respectively.

The Court has considered these issues at length. While it has concerns, particularly given the paucity of records documenting the amount of work performed, it cannot say the requested fees violate the Missouri Rules of Professional Conduct. Accordingly, the third element is satisfied.

Because the parties have demonstrated the settlement complies with Missouri law, the parties' Joint Motion to Approve Wrongful Death Settlement (Doc. 17-1) is GRANTED.

**IT IS SO ORDERED.**

Date: June 1, 2017          /s/ Greg Kays
                                           GREG KAYS, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT